# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

UNITED STATES           *
                        *
v.                      *           CRIM. NO.
                        *
                        *
                        *
                     *****

## ORDER REGARDING USE OF VIDEO CONFERENCING/TELECONFERENCING FOR FELONY PLEAS AND/OR SENTENCINGS

In accordance with Standing Order 2020-06, this Court finds:

_____ That the Defendant (or the Juvenile) has consented to the use of video teleconferencing/teleconferencing to conduct the proceeding(s) held today, after consultation with counsel; and

_____ That the proceeding(s) to be held today cannot be further delayed without serious harm to the interests of justice, for the following specific reasons:



Accordingly, the proceeding(s) held on this date may be conducted by:

_____ Video Teleconferencing

_____ Teleconferencing, because video teleconferencing is not reasonably available for the following reason:

_____ The Defendant (or the Juvenile) is detained at a facility lacking video teleconferencing capability.

_____ Other:


Date:                                              _____

                                                   United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RAIMUNDO VA | Honorable Freda L. Wolfson<br><br>Crim. No. 20-_____ (FLW)<br><br>**EXHIBIT TO ORDER REGARDING USE OF VIDEO CONFERENCING/TELECONFERENCING FOR FELONY PLEAS AND/OR SENTENCINGS** |

The Court finds that the change of plea hearing to be held on September 16, 2020, cannot be further delayed without serious harm to the interests of justice and should proceed by video teleconference for the following reasons:

1. To permit the defendant to obtain a speedy resolution of his case through an admission of guilt, the defendant has asked to exercise his constitutional right to plead guilty. The defendant's interest in a speedy resolution of his case will be seriously harmed if the proceeding does not occur by video in lieu of in-court proceedings which, for in-custody defendants, are currently indefinitely curtailed by the pandemic.

2. The Government has asked for this case to be resolved today by guilty plea and for a subsequent timely sentencing.

3. To obtain a resolution to the case prior to the end of the time afforded the Government to prosecute such case under the Speedy Trial Act.